UNITED STATES DISTICT COURT
WESTERN DISTRICT OF NEW YORK

---

**JAMES RIBAUDO**,

        Plaintiff,

-vs-

**CUMMINS, INC.**,

        Defendant.

---

**COMPLAINT**

Civil Action No.1:16-cv-496

JURY TRIAL DEMANDED

    Plaintiff JAMES RIBAUDO, (hereinafter "Plaintiff"), by his attorneys, THE SAMMARCO LAW FIRM, L.L.P., Andrea L. Sammarco, Esq., *of counsel*, as and for his Complaint against Defendant CUMMINS, INC., (hereinafter referred to as "Defendant"), hereby states as follows:

  1. Plaintiff resides at 27 Valmeere Avenue, in the Village of Falconer, County of Chautauqua and State of New York, and within the jurisdictional confines of this Court.

  2. Defendant is a corporation which engages in the design, manufacture, sale and service of diesel engines, power generation equipment, and related components, and which has a diesel engine manufacturing plant located at 4720 Baker Street Extension, in the City of Jamestown, County of Chautauqua and State of New York, and within the jurisdictional confines of this Court.

  3. Plaintiff has been employed with Defendant since May, 2005 until the present in the Jamestown Engine Plant (hereinafter "JEP"). Plaintiff is currently on involuntary unpaid leave from his position as an Assembly Team Member.

  4. Venue in this Court is proper because the actions complained of herein were committed within the jurisdictional confines of the State of New York and County of Chautauqua.

5. At all times relevant herein, Plaintiff was and is an employee of Defendant, within the meaning of New York Executive Law and the Americans with Disabilities Act.

6. In 2008, Plaintiff sustained a work related injury which resulted in a triangular fibrocartilage complex tear. At all times relevant herein, Plaintiff was and is an individual with a disability, within the meaning of New York Executive Law and the Americans with Disabilities Act.

7. Plaintiff's disability resulted in the limitation of lifting restrictions, including lifting of 1-10 pounds frequently, 10-50 pounds occasionally, occasional push/pull and reaching restrictions, and limited use of his left hand. Plaintiff's limitations resulting from his disability do not prevent him from performing the essential functions of his job.

8. As a result of these limitations and Plaintiff's request for accommodation, Plaintiff was returned to work on November 9, 2009 to the AP sub-assembly area where his limitations were accommodated. Plaintiff was able to perform this job with no restrictions.

9. After an approximately 6 month voluntary layoff in the beginning of 2010 (during which time Plaintiff was laid off), Plaintiff returned to work in May or June of 2010. At that time, Defendant, against Plaintiff's wishes, returned Plaintiff to the Assembly line in the Piston cell.

10. Almost immediately upon his return, Plaintiff's wrist began to cause him pain, due to the nature of the duties being performed by him.

11. As a result, Plaintiff consulted with Defendant's employee, a Physician's Assistant named Steve Barresi (hereinafter, "Barresi"). Barresi advised Plaintiff that he should not have been removed from the AP sub-assembly area without consulting Barresi, and moved him back to the AP sub-assembly area.

12. In November of 2011, without warning or explanation, Defendant transferred Plaintiff from the AP sub-assembly area to another part of the assembly line known as ISX Cell 6.

At this time, Plaintiff's wrist worsened considerably as a result of the duties he was required to perform. When he advised Barresi of this he was placed off of work on unpaid leave.

13. Defendant has subjected Plaintiff to repeated harassment and retaliation and different terms and conditions of employment as a result of his disability and need for accommodation, including including the following:

  a. Denying or ignoring Plaintiff's multiple requests for accommodation;
  b. Failing to follow proper procedure in processing Plaintiff's requests for accommodation;
  c. Ignoring information submitted by Plaintiff concerning which doctors should be contacted in order to verify his medical condition and restrictions;
  d. Deliberately limiting the duration of its accommodation of Plaintiff's limitations so as to continuously force Plaintiff to submit duplicative and unnecessary requests for accommodation;
  e. Failing to consider Plaintiff's medical condition and need for accommodation as permanent, and instead imposing arbitrary and temporary durations of varying length to accommodation requests which have been granted;
  f. Retaliating against Plaintiff by refusing to consider his applications for at least 4 other postings within the plant, and/or denying Plaintiff the opportunity to transfer to other open positions within the plant;
  g. Providing Plaintiff with evaluations critical of his work performance;
  h. Removing Plaintiff from active employment with Defendant and placing him on unpaid leave status.

14. Plaintiff complained to representatives of Defendant numerous times about the failure to accommodate his disability, however Defendant failed and refused to investigate or take

appropriate action.

15. As a result of Plaintiff's disability and need for accommodation, he has been subjected to increased scrutiny, denial of overtime and promotional opportunities, retaliatory transfer of his workplace, poor performance evaluations, disciplinary action and other forms of harassment.

16. As a result of Plaintiff's disability and need for accommodation, he was denied promotions, wage increases and opportunities for advancement and overtime.

17. On or about May 8, 2015, Plaintiff filed a Complaint of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Complaint is attached hereto as Exhibit A.

18. On March 25, 2016, Plaintiff received from EEOC a Dismissal and Notice of Rights, which is attached hereto as Exhibit B.

19. Ninety (90) days have not elapsed since the receipt of the Dismissal and Notice of Rights by Plaintiff.

**FIRST CAUSE OF ACTION**

20. Plaintiff repeats and realleges the allegations set forth in Complaint paragraphs 1 through 19 as though set forth fully herein.

21. Defendant's actions towards Plaintiff violated the Americans with Disabilities Act.

22. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff was damaged through loss of compensation, including lost past and future wages, promotional opportunities, benefits, commissions, earned and unused paid time off, and other wage and wage supplements, in the amount of TWO HUNDRED FIFTY THOUSAND AND 00/100 ($250,000.00) DOLLARS.

## SECOND CAUSE OF ACTION

23. Plaintiff repeats and realleges the allegations set forth in Complaint paragraphs 1 through 22 as though set forth fully herein.

24. Defendant's actions towards Plaintiff violated the New York Human Rights Law.

25. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff was damaged through loss of compensation, including lost past and future wages, promotional opportunities, benefits, commissions, earned and unused paid time off, and other wage and wage supplements, in the amount of TWO HUNDRED FIFTY THOUSAND AND 00/100 ($250,000.00) DOLLARS.

## THIRD CAUSE OF ACTION

26. Plaintiff repeats and realleges the allegations set forth in Complaint paragraphs 1 through 25 as though set forth fully herein.

27. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has also suffered injury to health, emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered injury to health, emotional distress, and mental anxiety.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    a. Damages in the amount of TWO HUNDRED FIFTY THOUSAND AND 00/100 ($250,000.00) DOLLARS;

b.   The interest, costs and disbursements accrued and owing on this amount;

c.   Attorneys' fees incurred in the prosecution of this action;

d.   Liquidated damages, and

e.   Such other and further relief as this Court deems just and proper.

Dated: June 16, 2016

Buffalo, New York

**THE SAMMARCO LAW FIRM, LLP**

By:   s/Andrea L. Sammarco
         Andrea L. Sammarco, Esq.
*Attorneys for Plaintiff*
Office and Post Office Address
1207 Delaware Avenue, Suite 219
Buffalo, New York  14209
Telephone: (716) 856-4829
Facsimile:(716)856-0269
Email:  alsammarco18@gmail.com

By: Andrew L. Sammarco, Esq.
Attorneys for Plaintiff
Office and Post Office Address

1207 Delaware Avenue, Suite 219
Buffalo, New York 14209
Telephone: (716) 856-4829
Facsimile: (716) 856-0269
Email: alsammarco18@gmail.com

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF CHAUTAUQUA         )

JAMES RIBAUDO, being duly sworn, deposes and says: that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and, as to those matters, deponent believes it to be true.

_____
JAMES RIBAUDO

Subscribed and sworn to before
me this ___ day of June, 2016.

TIMOTHY E. DOLE
No. 01DO6204612
Notary Public, State of New York
Qualified in Chautauqua County
My Commission Expires 07/00/20__

_____
Notary Public

6